NOT FOR PUBLICATION

FILED

UNITED STATES COURT OF APPEALS

FEB 19 2021

FOR THE NINTH CIRCUIT

MOLLY C. DWYER, CLERK
U.S. COURT OF APPEALS

| | |
|---|---|
| UNITED STATES OF AMERICA, | No.   20-50071 |
| Plaintiff-Appellee, | D.C. No. 2:14-cr-00338-SJO-40 |
| v. | |
| RAVON MURRLEY, AKA Ant, AKA Crook, AKA Lil' Crook, AKA Ravon Tranell Murrley, AKA Ray, AKA RayRay, | MEMORANDUM[*] |
| Defendant-Appellant. | |

Appeal from the United States District Court
for the Central District of California
S. James Otero, District Judge, Presiding

Submitted February 17, 2021[**]

Before:    FERNANDEZ, BYBEE, and BADE, Circuit Judges.

Ravon Murrley appeals from the district court's judgment and challenges his

guilty-plea convictions and aggregate 216-month sentence for racketeer influenced

and corrupt organizations conspiracy, in violation of 18 U.S.C. § 1962(d), and

---

[*]    This disposition is not appropriate for publication and is not precedent except as provided by Ninth Circuit Rule 36-3.

[**]    The panel unanimously concludes this case is suitable for decision without oral argument.  See Fed. R. App. P. 34(a)(2).

conspiracy to possess with intent to distribute crack cocaine, in violation of 21 U.S.C. §§ 841(a)(1), (b)(1)(B), and 846. Pursuant to *Anders v. California*, 386 U.S. 738 (1967), Murrley's counsel has filed a brief stating that there are no grounds for relief, along with a motion to withdraw as counsel of record. We have provided Murrley the opportunity to file a pro se supplemental brief. No pro se supplemental brief or answering brief has been filed.

Murrley waived his right to appeal his convictions, with the exception of an appeal based on a claim that his pleas were involuntary. Murrley also waived the right to appeal most aspects of his sentence. Our independent review of the record pursuant to *Penson v. Ohio*, 488 U.S. 75, 80 (1988), discloses no arguable grounds for relief as to the voluntariness of Murrley's pleas or any aspect of the sentence that falls outside the scope of the appeal waiver. We, therefore, affirm as to those issues. Having found no arguable issues as to the enforceability of the appeal waiver, we dismiss the remainder of the appeal. *See United States v. Watson*, 582 F.3d 974, 988 (9th Cir. 2009).

Counsel's motion to withdraw is **GRANTED.**

**AFFIRMED in part; DISMISSED in part.**